UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Michael E. Johnson, | Case No. 1:11-cv-74 |
| Plaintiff | Dlott, J.<br>Bowman, M.J. |
| v. | |
| Messer Construction/Craft Force, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Proceeding *pro se*, Plaintiff initiated this employment discrimination suit against Messer Construction and Individual Defendant Thomas Keckeis on February 7, 2011. Plaintiff's motion to proceed *in forma pauperis* was granted on February 14, 2011. (Doc. 2).  Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial review. 28 U.S.C. § 636(b)(1)(B).

<u>INDIVIDUAL LIABILITY UNDER TITLE VII</u>

On March 24, 2011, Defendant Keckeis filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7).  When Plaintiff filed no timely response to Defendant's motion, the Court directed Plaintiff to show cause as to why Defendant's motion should not be granted. (Doc. 8).  Plaintiff failed to respond to the Court's order, and the time for doing so has now expired.  However, the record also reflects that the Court's order was returned as undeliverable, adding an alternate ground for dismissal to that presented by Defendant, i.e., for failure to keep the Court informed of his address.

The Sixth Circuit has held that an individual employee cannot be found liable under Title VII of the Civil Rights Act of 1964 ("Title VII"), as the statutory scheme imposed by Congress did not intend this result. *Wathen v. General Elec. Co.,* 115 F.3d 400, 405 (6th Cir. 1997). In *Wathen*, the court agreed with past case law that Congress did not intend to burden "small entities with the costs associated with litigating discrimination claims." *Id.* at 406 (citing *Miller v. Maxwell's Intern, Inc,* 991 F.3d 583, 587 (2d Cir. 1993)). Because Defendant Keckies is an individual employee of Messer Construction, he cannot be held liable for discrimination under Title VII. Therefore, Defendant's motion to dismiss should be granted.

**FAILURE TO PROSECUTE**

In addition to Plaintiff's failure to state a claim in regards to Defendant Keckies, dismissal of the entire complaint is appropriate based on Plaintiff's failure to keep the Court apprised of his current address.

The Court's last order, sent to Plaintiff by certified mail, was returned as undeliverable, suggesting that Plaintiff's failure to comply with that particular order may not have been deliberate. (Doc. 10). However, the address used by the Court is the only address Plaintiff provided when filing this lawsuit fewer than four months ago. It is incumbent on any litigant, including a *pro se* litigant, to keep the Court apprised of his current address. While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues…there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In order to pay heed to a defendant's right to a fair and timely resolution of the litigation, *pro se litigants should not "*be accorded special consideration" when they fail to comply with easily understood court deadlines. *Id.* at 110.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss for "failure of the plaintiff to prosecute or comply with the orders of the court…" Unless the court orders otherwise, a dismissal for failure to prosecute is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the

same allegations. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775 (6th Cir. 2009). Without such basic information as a current address, a court has no recourse but to dismiss for failure to prosecute. *See, e.g., Whittaker v. Hilltop Records*, 2009 WL 2734052 (S.D. Ohio Aug. 27, 2009)(dismissal of *pro se* plaintiff).

Although Plaintiff's failure to keep the Court apprised of his address merits dismissal of the entire complaint and not only of the claims filed against the individual Defendant, the insufficiency of Plaintiff's address has only recently become apparent. Therefore, in the interests of justice, the Court will not recommend dismissal of the entire complaint until thirty (30) additional days have expired.

Accordingly, **IT IS RECOMMENDED HEREIN THAT:**

1. Defendant Keckies's motion to dismiss (Doc. 7) be **GRANTED** and Plaintiff's complaint as to Defendant Keckies be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

2. In addition, absent a change of address notice being filed by Plaintiff on or before **July 1, 2011**, Plaintiff's complaint be dismissed with prejudice for failure to prosecute, based upon his failure to keep the Court apprised of his current address.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Michael E. Johnson,                                  Case No. 1:11-cv-74

    Plaintiff                                       Dlott, J.
                                                Bowman, M.J.

    v.

Messer Construction/Craft Force, et al.,

    Defendants.

**NOTICE**

4

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).